[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 4, 1991Date of Application April 11, 1995Date of Application Filed April 11, 1991Date of Decision November 28, 1995
CT Page 107
Application for review of sentence imposed by the Superior Court, Judicial District of Tolland.
Docket No. MV19-29861.
Adam J. Teller, Esq. Counsel, for Petitioner.
Sandra Tullis, Esq. Supervisory Assistant state's Attorney, for the State.
BY THE DIVISION
By decision of October 24, 1995, this Division dismissed the petition for lack of jurisdiction after concluding that it had not been filed within the thirty days allowed by General statutes § 51-195. A further review of the file indicates that sentence was imposed on April 4, 1991. On April 11, 1991, within the thirty day period allowed by statute, petitioner signed and filed with the clerk of Superior Court, a Request for Sentence Review. No hearing was held on this petition. On March 28, 1995, petitioner signed a second application which was filed with the Superior Court on March 30, 1995. The filing of the second petition was unnecessary and has caused a certain amount of confusion.
In view of the fact that the original petition was filed within the statutory period, it is concluded that this Division does have jurisdiction to consider the application.
After trial by jury, petitioner was convicted of assault in the second degree in violation of General statutes § 53a 60d, and operating a motor vehicle while under the influence in violation of General statutes § 14-227a. A sentence of five years was imposed on the first count and a concurrent sentence of six months together with a fine in the amount of $500.00 was imposed on the second count. The total effective sentence was five years and a $500.00 fine. CT Page 108
Petitioner's right to operate a motor vehicle was suspended for one year in connection with the first count.
The facts underlying petitioner's conviction indicate that on May 7, 1990, at approximately 2:16 a.m., whicle under the influence of alcohol, petitioner operated his motor vehicle on a public highway at an excessive rate of speed. He swerved to the right and hit a guardrail, crossed over into the opposite lane of travel and then crossed back into his own lane hitting another guardrail before hitting a residence and coming to a final stop. Petitioner and his passenger suffered injuries and were transferred to the hospital. The passenger's injuries were extremely serious and it is doubtful that he will ever walk again.
Petitioner's attorney argued that the sentence imposed was unduly harsh. He stated that at the time of the offense petitioner was 30 years old with a good work record and no prior alcohol related offenses. The attorney submitted statistical information which tended to show that the sentence imposed here was greater than other cases. The attorney also argued that a split sentence with probation, as recommended by the presentence investigation, would be more appropriate because it would allow for the rehabilitation of the defendant with an eye towards preventing future crime.
Speaking on his own behalf, petitioner pointed out that he had stopped drinking before the date of sentencing and that this should have been considered by the court.
The state's attorney argued against any reduction in sentence. She pointed out that petitioner's attitude throughout the trial indicated no remorse and no acceptance of responsibility for his offense and the horrible injuries inflicted on the victim.
At the time sentence was imposed, petitioner had five prior convictions including one assault in the third degree. In his remarks, the sentencing judge did take into consideration the fact that petitioner had stopped drinking prior to the imposition of sentence. The judge also commented on petitioner's lack of remorse and failure to accept responsibility for the crime and that the serious injuries which had been inflicted on his passenger. CT Page 109
The sentencing judge had a unique opportunity to observe petitioner throughout the trial. He could assess petitioner's character and his potential for rehabilitation.
Here, where petitioner had a prior criminal record, refused to accept responsibility for his serious criminal action and showed little concern for the horrible effect of his conduct on the victim. It cannot be found that the sentence was inappropriate or disproportionate. Practice Book § 942.
Sentence affirmed.
JOSEPH J. PURTILL, JUDGE RAYMOND. R. NORKO, JUDGE RICHARD J. STANLEY, JUDGE
Purtill, J., Norko, J. and Stanley, J. participated in this decision.